IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                :

   v.                                   :   Criminal No. DKC 98-442-1
                                                                  Civil Action No. DKC 16-1715

STANLEY LEON OBANION, JR.               :

**MEMORANDUM OPINION**

On November 9, 1998, Stanley Leon Obanion, Jr. ("Mr. Obanion" or "Petitioner") was charged in a nine-count Indictment with carjacking, use of a handgun in the commission of a crime of violence, and related offenses. The Indictment was superseded on October 18, 1999. (ECF No. 37). A Second Superseding Indictment was issued May 31, 2000, charging him with conspiracy to commit carjackings in violation of 18 U.S.C. § 371 (Count 1), use of a handgun in the commission of a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2, 5, 7, 9, and 11) use of a handgun in the commission of a crime of violence that results in death in violation of 18 U.S.C. § 924 (j) (Count 3), carjacking in violation of 18 U.S.C. § 2119 (Counts 4, 6, and 10), attempted carjacking with bodily injury in violation of 18 U.S.C. § 2119 (Count 8). (ECF No. 70). Mr. Obanion was convicted on all counts in the Second Superseding Indictment following a jury trial. He was sentenced to 60 months on Count 1, 151 months, concurrent, on

Counts 4, 6, 8, and 10, and life imprisonment on Count 3. Count 2 was merged into Count 3, and Counts 5, 7, 9, and 11 were subsumed under Counts 2 and 3 and merged therein for sentencing purposes.[1] The United States Court of Appeals for the Fourth Circuit affirmed the convictions.

Mr. Obanion, through the Office of the Federal Public Defender, filed a motion to vacate conviction under U.S.C. § 2255 on May 30, 2016 (ECF No. 137) and motions to supplement (ECF Nos. 144, 146, and 148) seeking vacatur of certain § 924(c) and § 924(j) convictions. A decision on Mr. Obanion's motion was deferred pending a decision in *United States v. Taylor*.[2]

The government filed a response on December 12, 2022. (ECF No. 191). It agrees that Count 2 is void because a conspiracy offense cannot support a § 924(c) charge and that Count 3 would also be voided as it requires an underlying violation of § 924(c). Further, Count 8 is no longer a crime of violence under the § 924(c) force clause, so should also Count 9 be voided. The government agrees that Mr. Obanion should be resentenced on Counts

---

[1] A corrected judgment was filed on November 15, 2000 (ECF No. 106) and an amended judgment was issued February 5, 2001, to modify the restitution order. (ECF No. 113).

[2] The government filed a motion to hold Mr. Obanion's motion to vacate conviction in abeyance pending Supreme Court review (ECF No. 151) which Mr. Obanion opposed (ECF No. 152). Because the Supreme Court issued an opinion in *United States v. Taylor*, ___S. Ct. ___, 2022 WL 2203334 (2022), the government's motion will be denied as moot.

1, 4, 6, 8, and 10 and on the remaining § 924(c) counts (Counts 5, 7 and 11).

The "crime of violence" underlying Mr. Obanion's § 924(c) conviction in Count 2 and § 924(j) conviction in Count 3 is conspiracy to commit carjacking. The "crime of violence" underlying Mr. Obanion's § 924(c) charge in Count 9 is attempted carjacking with bodily injury. These offenses no longer qualify as crimes of violence in light of the opinion of the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the recent opinion of the Supreme Court in *United States v. Taylor*, ___S. Ct. ___, 2022 WL 2203334 (2022). Accordingly, Mr. Obanion is entitled to have the § 924(c) convictions in Counts 2 and 9) and § 924(j) conviction in Count 3 vacated.

When a district court grants relief under § 2255, it must then grant an appropriate remedy. As this court noted in *United States v. Sweatt*, No. CR DKC 05-230, 2021 WL 4421047, at *2 (D. Md. Sept. 27, 2021):

> Disposition of a motion under 28 U.S.C. § 2255 proceeds in two steps.
>
> > First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds.... If ...the court determines that the sentence is unlawful, the court shall vacate and set ... aside the sentence. If the district court determines that the prisoner's sentence is unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction.

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (citations and quotations omitted).

The second step once the sentence (and conviction, if applicable) is set aside is to grant an appropriate remedy.

> While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy," *United States v. Garcia,* 956 F.2d 41, 45 (4th Cir. 1992), § 2255 lists the four remedies that are appropriate: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C. § 2255. Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence. *Id*.

*Id.* (alterations in original). While the court is authorized to conduct a resentencing, it is not required to do so, even when requested by one party or the other. Nor does the "sentence-package theory" make resentencing mandatory. *Id*. at 668-69.

The Government requests a resentencing on the remaining counts under the sentence-package theory, which has been described and endorsed by the Fourth Circuit:

> *See United States v. Chaney*, 911 F.3d 222, 226 (4th Cir. 2018) ("[T]he 'sentence-package theory,' ... we have recognized, provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction."); *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (holding that § 2255(b) "confers a 'broad and flexible' power to the district courts 'to

fashion an appropriate remedy'" (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992))); *United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (holding that since the term "sentence" in § 2255 "must be viewed in the aggregate," a district court has jurisdiction to conduct a resentencing on all surviving counts in a multi-count indictment when only one of the counts has been successfully challenged in a collateral proceeding); *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (noting, in a direct appeal, that "[w]e agree with our sister circuits that 'when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan,' and that if some counts are vacated, 'the judge should be free to review the efficacy of what remains in light of the original plan' " (quoting *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999))); *cf. United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (affirming the district court's decision, in a § 2255 case, *not* to conduct a full resentencing where the district court struck a sentence on one count and "reenter[ed] the remaining sentence," thus "indicat[ing] that it was satisfied with the resulting sentence" (emphasis omitted)).

*United States v. Said*, 26 F.4th 653, 665, n. 19 (4th Cir. 2022). That course appears appropriate in this case. Accordingly, the sentences on the remaining counts will be vacated. The Probation Office will be requested to propose updated sentencing guidelines, and a resentencing hearing will be held.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge